UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

*IN RE SUBPOENA OF DANA NESSEL &
FADWA HAMMOUD,*

**Sean MacMaster v. David
Busacca, et al.**,

Case No. 2:21-cv-11052

United States District Court for
the Eastern District of Michigan

---

## NON-PARTIES MICHIGAN ATTORNEY GENERAL DANA NESSEL AND CHIEF DEPUTY OF THE MICHIGAN DEPARTMENT OF ATTORNEY GENERAL FADWA HAMMOUD'S MOTION TO QUASH DEFENDANT MACMASTER'S SUBPOENAS

For the reasons set forth in the accompanying brief, non-parties Michigan

Attorney General Dana Nessel (Attorney General Nessel) and Chief Deputy of the

Michigan Department of Attorney General, Fadwa Hammoud (Chief Deputy

Hammoud), by and through counsel, request that the Court quash Defendant

Johanna MacMaster's (Defendant MacMaster's) subpoenas, dated November 7,

2022, pursuant to Federal Rule of Civil Procedure 45(d)(3)(iv) and 26(b)(1).[1]

---

[1] This motion was originally filed in the Eastern District in the associated case, *MacMaster v. Busacca*, No. 21-cv-11052 (E.D. Mich.). The motion is refiled here pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), as compliance for the subpoenas would occur in the Western District.

On July 25, 2023, pursuant to Local Rule 7.1, the undersigned counsel sought Defendant MacMaster's concurrence with this motion. Defendant MacMaster's counsel did not concur with the relief requested.

Respectfully submitted,

/s/ Kathleen A. Halloran
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Assistant Attorneys General
Attorneys for Non-parties Nessel
and Hammoud
Michigan Dept. of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, and mailed them via U.S. Mail to:

Daniel J. Bernard
Law Office of Daniel J. Bernard
18557 Canal Rd., Ste. 2
Clinton Township, MI 48038-5821

/s/ Kathleen A. Halloran
Assistant Attorney General
Attorneys for Non-parties Nessel
and Hammoud
Michigan Dept. of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

*IN RE SUBPOENA OF DANA NESSEL &
FADWA HAMMOUD,*

***Sean MacMaster v. David
Busacca, et al.*,**

Case No. 2:21-cv-11052

United States District Court for
the Eastern District of Michigan

_____

**NON-PARTIES MICHIGAN ATTORNEY GENERAL DANA NESSEL AND
CHIEF DEPUTY OF THE MICHIGAN DEPARTMENT OF ATTORNEY
GENERAL FADWA HAMMOUD'S BRIEF IN SUPPORT OF MOTION TO
QUASH DEFENDANT MACMASTER'S SUBPOENAS**

Respectfully submitted,

Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Assistant Attorneys General
Attorneys for Non-parties Nessel
and Hammoud
Michigan Dept. of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ................................................................................. i

Index of Authorities ............................................................................ ii

Concise Statement of Issues Presented ...................................................... iv

Controlling or Most Appropriate Authority ................................................ v

Introduction ..................................................................................... 6

Statement of Facts .............................................................................. 7

Argument ......................................................................................... 9

I.     Defendant MacMaster's subpoenas to Attorney General Dana Nessel and Chief Deputy Hammoud should be quashed pursuant to Federal Rules of Civil Procedure 45(d)(3)(iv) and 26(b)(1). .......................................... 9

     A.     No extraordinary circumstances exist that warrant the depositions of either Attorney General Nessel and Chief Deputy Hammoud. ................................................................. 11

     B.     Defendant MacMaster has not shown that Attorney General Nessel and Chief Deputy Hammoud have first-hand knowledge regarding the claims at issue or that other persons cannot provide the information sought—which MacMaster has refused to disclose. ........................................................... 13

Conclusion and Relief Requested ............................................................ 17

Certificate of Service .......................................................................... 18

i

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Baine v. Gen. Motors Corp.,*
  141 F.R.D. 332 (M.D. Ala. 1991) ................................................................. 8

*Baker v. Royce,*
  No. 1:14-cv-14035, 2015 U.S. Dist. LEXIS 192077, at *5 (E.D. Mich. June
  26, 2015) ...................................................................................................... 5

*Boudreau v. Bouchard,*
  No. 07-10529, No. 05-74236, 2008 WL 4386836, at *2 (E.D Mich. Sept. 25,
  2008) ...................................................................................................... 6, 8, 9

*Chrysler Corp. v. Fedders Corp.,*
  643 F.2d 1229 (6th Cir. 1981) ..................................................................... 4

*Coleman v. Schwarzenegger,*
  Nos. CIV S-90-0520, CO1-1351, 2008 U.S. Dist. LEXIS 70224, at *2 (E.D.
  and N.D. Cal. Sept. 15, 2008) ..................................................................... 6

*EMW Women's Surgical Ctr., P.S.C. v. Planned Parenthood of Indiana &
  Kentucky,*
  No. 3:17-cv-00189, 2017 WL 3749889, at *2 (W.D. Ky. Aug. 30, 2017) .................. 8

*FTC v. Trudeau,*
  No. 5:12-MC-35, 2012 U.S. Dist. LEXIS 160545, at *11 (N.D. Ohio Nov. 8,
  2021) ........................................................................................................... 6

*In re United States (Holder),*
  197 F.3d 310 (8th Cir. 1999) ....................................................................... 8

*In re United States (Kessler),*
  985 F.2d 510 (11th Cir. 1993) ..................................................................... 7

*Jackson v. City of Detroit*, No. 05-74236, 2007 WL 2225886 (E.D. Mich.
  August 1, 2007) ....................................................................................... 6, 10

*Kyle Engineering Co. v. Kleppe,*
  600 F.2d 226 (9th Cir. 1979) ....................................................................... 7

*Lederman v. New York City Dep't of Parks & Recreation*,
  731 F.3d. 199 (2d Cir. 2013) .................................................................. 7

*MacMaster v. Busacca*,
  No. 21-cv-11052 (E.D. Mich.) ................................................................ 1

*Murray v. U.S. Dep't of Treasury*,
  No. 08-cv-15147, 2010 U.S. Dist. LEXIS 48692, at *6-7 (E.D. Mich. May 18,
  2010) ........................................................................................................ 6

*Serrano v. Cintas Corp.*,
  699 F.3d 884 (6th Cir. 2012) .................................................................. 8

*Smith v. Co of Wayne*,
  No. 2:21-cv-12070, 2023 U.S. Dist. LEXIS 130107, at *7 (E.D. Mich, July
  27, 2023) .............................................................................................. 5, 6

*State Farm Mutual Automobile Ins. Co. v. Warren Chiropractic & Rehab
  Clinic, P.C.*,
   315 F.R.D. 220 (E.D. Mich. 2016) ......................................................... 4

*Tompkins v. Detroit Metro. Airport*,
  278 F.R.D. 387 (E.D. Mich. 2012) .......................................................... 4

*United States v. Morgan*,
  313 U.S. 409 (1941) ................................................................................ 7

## Rules

Feb R. Civ. P. 26(b) ....................................................................................... 4

Fed. R. Civ. P. 26(b)(1) ........................................................................... 1, 4, 5

Fed. R. Civ. Proc. 26(b)(2)(C)(i), (iii) ......................................................... 4, 9

Rule 26(c)(1) .................................................................................................. 8

## Constitutional Provisions

Const. 1963, art. V, § 3 ................................................................................. 9

## CONCISE STATEMENT OF ISSUES PRESENTED

1.    Should Defendant MacMaster's subpoenas that seek to depose high ranking government officials Attorney General Nessel and Chief Deputy Hammoud be quashed because Defendant MacMaster cannot demonstrate any extraordinary circumstances warranting their depositions?

Non-parties answer:          Yes.

Defendant MacMaster's presumed answer:     No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

_Authority_:

Fed. R. Civ. P. 45(d)(3)(iv)

Fed. R. Civ. P. 26(b)(1)

## INTRODUCTION

On November 7, 2022, Defendant Johanna MacMaster (Defendant MacMaster) served subpoenas for the depositions of Michigan Attorney General Dana Nessel (Attorney General Nessel) and Chief Deputy of the Michigan Department of Attorney General (DAG) Fadwa Hammoud (Chief Deputy Hammoud).  (Ex. 1, Subpoenas and Notice of Deposition.)  Neither Attorney General Nessel or Chief Deputy Hammoud are parties to the associated action, *MacMaster v. Busacca*, No. 21-cv-11052 (E.D. Mich.).

Generally, depositions of high-ranking government officials are not permitted unless the requesting party can show "extraordinary circumstances" necessary to subject that high-ranking government official to a deposition.  Since November 2022, counsel for Attorney General Nessel and Chief Deputy Hammoud have repeatedly requested that Defendant MacMaster provide information about the purpose and purported need for their depositions.  To date, Defendant MacMaster has provided no explanation.  Therefore, for these reasons described more fully below, the subpoenas must be quashed pursuant to Federal Rules of Civil Procedure 45(d)(3)(iv) and 26(b)(1).

6

## STATEMENT OF FACTS

Attorney General Nessel and Chief Deputy Hammoud are not parties to the action.  Defendant Johanna MacMaster, through counsel, sent Subpoenas and Notices of Deposition Duces Tecum dated November 7, 2022 for the deposition of Attorney General Nessel and Chief Deputy Hammoud to take place on December 19, 2022.[2]  (Ex. 1, Subpoenas and Notice of Deposition.)

On November 18, 2022, counsel for Attorney General Nessel and Chief Deputy Hammoud spoke with counsel for Defendant MacMaster and requested information on how Chief Deputy Fadwa's deposition would not be duplicative of prior depositions.  Counsel also requested that Defendant MacMaster withdraw the subpoena for Attorney General Nessel given the clear case law that high-ranking officials cannot be compelled to testify unless they have personal knowledge and the party seeking the testimony demonstrates they cannot obtain the information elsewhere.  Defendant MacMaster did not provide any information about the scope of deposition during that call.  On November 21, 2022, counsel for Attorney General Nessel and Chief Deputy Hammoud followed up with an email reiterating the

---

[2] Defendant MacMaster also issued a document only subpoena to non-party Michigan Department of Attorney General (DAG) seeking "the complete investigation file(s) regarding Sean MacMaster, including but not limited to all transcripts, witness statements, and materials of any sort obtained or compiled in the course of these investigations."  (Ex. 2, Document Subpoena.)  Because counsel for DAG is in discussion with counsel for Defendant MacMaster regarding this subpoena, this motion does not seek to quash the document subpoena at this time.

request for information about the deposition.  No information was provided.  The December 19, 2022 depositions were then adjourned.

On May 9, 2022, Defendant MacMaster's counsel requested availability for Chief Deputy Hammoud's deposition.  Again, counsel for Chief Deputy Hammoud requested information via email about the scope of deposition.  No information was provided by Defendant MacMaster.

Defendant MacMaster sent Re-Notices of Deposition Duces Tecum dated July 10, 2023 and scheduled the depositions of Attorney General Nessel and Chief Deputy Hammoud for August 22, 2023.  (Ex. 3, Re-Notice of Deposition.)  On July 25, 2023, Counsel for Attorney General Nessel and Chief Deputy Hammoud again emailed and requested information about the scope of the depositions and why either high ranking government official is needed to testify.  Again, Defendant MacMaster declined to provide any information.  DAG has already produced special agent Karen Fairly and legal secretary Stacy Parrish for deposition in this matter without objection.

To date, Defendant MacMaster has provided no explanation regarding the scope of the depositions.  As set forth further below, Attorney General Nessel and Chief Deputy Hammoud now ask this Court to quash the subpoenas for their depositions.

8

## ARGUMENT

**I.    Defendant MacMaster's subpoenas to Attorney General Dana Nessel and Chief Deputy Hammoud should be quashed pursuant to Federal Rules of Civil Procedure 45(d)(3)(iv) and 26(b)(1).**

Federal Rule of Civil Procedure 45(d)(3)(iv) permits a court to quash or modify a subpoena when it subjects a person to undue burden.  In addition, Rule 26(b)(1) governs the scope of discovery, providing:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The rule requires limitations on discovery when the discovery sought is "unreasonably cumulative or duplicative," "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or where "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).  This limitation is designed to prevent the "proverbial fishing expedition." *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012); *see also Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) ("[T]he scope of discovery is within the sound discretion of the trial court.").

The Rule 26(b) limitation on the scope of discovery applies equally to subpoenas as to other forms of discovery.  *State Farm Mutual Automobile Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016)

("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26.") (internal quotations omitted); *see also Baker v. Royce*, No. 1:14-cv-14035, 2015 U.S. Dist. LEXIS 192077, at *5 (E.D. Mich. June 26, 2015) (stating that, "courts have held that the scope of discovery under Rule 26 is the same when considering the scope of discovery regarding a subpoena under Rule 45"). In other words, the court has discretion to quash a subpoena when the requested materials exceed the scope of discovery provided in Rule 26(b)(1). *See, e.g.*, *Baker,* 2015 U.S. Dist. LEXIS 192077, at *7.

Here, the subpoenas for deposition are outside the scope of discovery and should be quashed because: (1) generally depositions of high-ranking government officials are not permitted absent "extraordinary circumstances," and (2) Defendant MacMaster does not meet the "extraordinary circumstances" test to justify taking the deposition of high-ranking government officials Attorney General Nessel and Chief Deputy Hammoud. *See Smith v. Co of Wayne*, No. 2:21-cv-12070, 2023 U.S. Dist. LEXIS 130107, at *7 (E.D. Mich., July 27, 2023) (holding that the subpoena for the deposition of Mayor Mike Duggan should be quashed because no extraordinary circumstances were shown to compel the deposition and it would be "unreasonably

cumulative or duplicative," the information "can be [or could have been] obtained from some other source that is more convenient" and "less burdensome").[3]

### A. No extraordinary circumstances exist that warrant the depositions of either Attorney General Nessel and Chief Deputy Hammoud.

Many courts, including courts in this District, have determined high-ranking government officials are generally not subject to deposition absent extraordinary circumstances. *See Smith,* 2023 U.S. Dist. LEXIS 130107, at *7-9 (referencing *Coleman v. Schwarzenegger*, Nos. CIV S-90-0520, CO1-1351, 2008 U.S. Dist. LEXIS 70224, at *2 (E.D. and N.D. Cal. Sept. 15, 2008) ("the settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions."); *Murray v. U.S. Dep't of Treasury*, No. 08-cv-15147, 2010 U.S. Dist. LEXIS 48692, at *6-7 (E.D. Mich. May 18, 2010); *Boudreau v. Bouchard*, No. 07-10529, No. 05-74236, 2008 WL 4386836, at *2 (E.D Mich. Sept. 25, 2008); *Jackson v. City of Detroit*, 2007 U.S. Dist. LEXIS 55730, at *4-5 (E.D. Mich. Aug. 1, 2007).[4]

---

[3] To the extent Defendant Joanna MacMaster argues this motion is untimely, non-parties Nessel and Hammoud timely filed the motion in the associated case in the Eastern District on August 15, 2023.  Yesterday, August 21, 2023, MacMaster's attorney informed DAG's counsel that the motion could be heard in this Court.  The motion is timely as it was refiled in this Court the next day.  Moreover, good cause exists for this Court to consider the motion as MacMaster's counsel was fully apprised of the objections to the subject subpoenas.  *See FTC v. Trudeau*, No. 5:12-MC-35, 2012 U.S. Dist. LEXIS 160545, at *11 (N.D. Ohio Nov. 8, 2021) ("[I]n unusual circumstances and for good cause shown, failure to make a timely objection to a subpoena . . . will not bar consideration of the objection.").

[4] Non-Parties Attorney General Nessel and Chief Deputy Hammoud have attached all unpublished cases referenced in this brief.

This presumption against the deposition of high-ranking government officials is because courts recognize the inherent difficulties in requiring depositions of such officials. *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993)("The reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses."); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ("Heads of government agencies are not normally subject to deposition . . . ."); *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d. 199, 203 (2d Cir. 2013) ("High-ranking government officials are generally shielded from depositions because they have 'greater duties and time constraints than other witnesses.'") (citation omitted). Indeed, in *United States v. Morgan*, the Supreme Court long ago expressed concern that a district court had required a high-ranking government official to submit to a deposition. 313 U.S. 409, 422 (1941) (holding that the Secretary of Agriculture should not have been subjected to a deposition regarding an order he issued regarding market rates).

There could be no reasonable dispute that Attorney General Nessel and Chief Deputy Hammoud are high-ranking officials. Therefore, Defendant

MacMaster must show "extraordinary circumstances"[5] warranting their depositions, including that:  (1) the official has "first-hand knowledge related to the claim being litigated," *Boudreau*, 2008 WL 4386836, at *2 (citing *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 335 (M.D. Ala. 1991)), *and* (2) "that other persons cannot provide the necessary information." *Id.* (citing *In re United States (Holder)*, 197 F.3d 310, 314 (8th Cir. 1999)).  Here, Defendant MacMaster cannot meet either factor.

> **B.** **Defendant MacMaster has not shown that Attorney General Nessel and Chief Deputy Hammoud have first-hand knowledge regarding the claims at issue or that other persons cannot provide the information sought—which MacMaster has refused to disclose.**

As a preliminary matter, Attorney General Nessel and Chief Deputy Hammoud are undeniably high-ranking government officials not subject to the burden of depositions absent extraordinary circumstances—which do not exist here. Indeed, Attorney General Nessel is the chief law enforcement officer of the State of Michigan, and the single head of the Department of Attorney General, a

---

[5] The "extraordinary circumstances" test "is very similar to the so-called 'apex doctrine.'" *EMW Women's Surgical Ctr., P.S.C. v. Planned Parenthood of Indiana & Kentucky*, No. 3:17-cv-00189, 2017 WL 3749889, at *2 (W.D. Ky. Aug. 30, 2017). The Sixth Circuit in *Serrano v. Cintas Corp.*, 699 F.3d 884, 900 (6th Cir. 2012), explained that the apex doctrine "bars the deposition of high-level executives absent a showing of their 'unique personal knowledge' of relevant facts."  The court in Serrano reversed a magistrate judge's decision to prohibit the deposition of a corporate officer when the magistrate judge applied the apex doctrine and did not analyze what harm the officer would suffer under Rule 26(c)(1) by submitting to the deposition.  However, "it is not clear whether the Serrano ruling also extends to high-ranking government officials . . . ." *EMW Women's Surgical Ctr.*, 2017 WL 3749889, at *2.

constitutional principal department under Const. 1963, art. V, § 3.  Chief Deputy

Hammoud is second in command at the Department of Attorney General which

employs nearly 500 individuals.[6]

Since both Attorney General Nessel and Chief Deputy Hammoud are high-

ranking government officials, Defendant MacMaster has the burden of

demonstrating both "extraordinary circumstances" factors here.  *Boudreau*, 2008

WL 4386836, at *2.  First, Defendant MacMaster has refused to describe the scope

of the depositions sought and, therefore, cannot show that Attorney General Nessel

or Chief Deputy Hammoud have any first-hand knowledge of the claims at issue.

Her refusal to provide any information regarding the scope of deposition

demonstrates that Defendant MacMaster's plan is to subject Attorney General

Nessel and Chief Deputy Hammoud to an impermissible "fishing expedition."  Thus,

this Court should quash the subpoenas as unduly burdensome and improper.  *See*

Fed. R. Civ. P. 26(c)(1).

Second, even if Attorney General Nessel and Chief Deputy Hammoud have

first-hand knowledge, Defendant MacMaster has made no showing that other

individuals cannot provide the information sought.  In fact, Defendant MacMaster

has not even tried.  As noted, other parties to the associated case have taken

depositions of DAG employees.  Defendant MacMaster has made no other attempts

to obtain the information she seeks from other witnesses before seeking to depose

---

[6] Information regarding the Michigan Department of Attorney General can be found
at: https://www.michigan.gov/ag/about.  (Last visited August 14, 2023.)

the highest-ranking officials at DAG.  She has refused to provide counsel for
Attorney General Nessel and Chief Deputy Hammoud's ***any*** information about the
purpose and purported need for their depositions let alone the ***extraordinary
circumstances*** justifying the request.  Accordingly, the subpoenas for deposition
should be quashed.

Case law buttresses this conclusion.  The Eastern District of Michigan
utilized the "extraordinary circumstances test" in *Jackson v. City of Detroit*, No. 05-
74236, 2007 WL 2225886, at *3 (E.D. Mich. Aug. 1, 2007), where it held that the
plaintiff did not show an "extraordinary circumstance" to warrant a deposition of
the City of Detroit's Police Chief.  There, the court reasoned that while the plaintiff
had "provide[d] the [c]ourt with an in-depth discussion of the ways in which [the]
[d]efendant . . . ha[d] personal knowledge of the subject matter of the case, the
investigation and the inconsistencies in the language, reports and activity logs,"
that was not enough by itself to warrant a deposition.  *Id.*  Rather, the Court held
that it "[was] not persuaded that the information sought could not adequately be
discovered through other means, such as interrogatories."  *Id.*

Just like plaintiffs in *Jackson*, here Defendant MacMaster has not made any
showing of the personal knowledge required to warrant Attorney General Nessel's
or Chief Deputy Hammoud's deposition at this time.  Nor has Defendant
MacMaster shown that the information sought cannot be obtained from other
witness or other means of discovery.  Defendant Macmaster's unexplained demand
for the Attorney General's deposition and Chief Deputy Hammoud's deposition

amounts to a fishing expedition and fails to satisfy the "extraordinary circumstances" test required to overcome the presumption that these high-ranking officials should not be deposed. For these reasons, this Court should quash the subpoenas.

**CONCLUSION AND RELIEF REQUESTED**

For the reasons discussed above, non-parties Attorney General Nessel and

Chief Deputy Hammoud request that the Court enter an order granting this motion

and quashing the November 7, 2022 subpoenas.

Respectfully submitted,


*/s/ Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Assistant Attorneys General
Attorneys for Non-parties Nessel
and Hammoud
Michigan Dept. of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov


Dated:  August 22, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, and mailed them via U.S. Mail to:

Daniel J. Bernard
Law Office of Daniel J. Bernard
18557 Canal Rd., Ste. 2
Clinton Township, MI 48038-5821

*/s/ Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Assistant Attorneys General
Attorneys for Non-parties Nessel
and Hammoud
Michigan Dept. of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

*IN RE SUBPOENA OF DANA NESSEL &*
*FADWA HAMMOUD,*

**Sean MacMaster v. David**
**Busacca, et al.**,

Case No. 2:21-cv-11052

United States District Court for
the Eastern District of Michigan

_____

**NOTICE OF COMPLIANCE WITH LOCAL RULE 7.3(B)(ii)**

Pursuant to Local Civil Rule 7.2(b)(ii), non-parties Michigan Attorney

General Dana Nessel and Chief Deputy of the Michigan Department of Attorney

General, Fadwa Hammoud, by and through counsel, certify that the word count of

the brief in support of Non-Party Motion to Quash Subpoena, other than the

portions excluded under Local Civil Rule 7.3(b)(i), is 2,499 words, as calculated by

Microsoft Word.

Respectfully submitted,

*/s/ Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Assistant Attorneys General
Attorneys for Non-parties Nessel
and Hammoud
Michigan Dept. of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov

19